# United States District Court
# Central District of California

| | |
|---|---|
| APRIL K. JAMESON, | Case No. 2:18-cv-01952-ODW-(ASx) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART, PLAINTIFF JAMESON MOTION FOR ATTORNEYS' FEES [32]** |
| FORD MOTOR CO. et al., | |
| Defendants. | |

## I. INTRODUCTION

On February 2, 2018, Plaintiff April K. Jameson ("Jameson") filed suit against Defendant Ford Motor Co. ("Ford") in the Superior Court of Los Angeles County for violation of California's Song-Beverly Consumer Warranty Act. (Not. of Removal Ex. A ("Compl."), ECF No. 1-1.) Subsequently, Ford removed the case to federal court, (Not. of Removal ("Removal"), ECF No. 1) and over a year later, parties filed a joint notice of settlement. (Not. of Settlement, ECF No. 20.) Plaintiff now moves for attorneys' fees and costs in the amount of $29,406.21. For the reasons discussed below, the Court **GRANTS IN PART** Plaintiff's Motion for Attorney's Fees ("Motion"). (Mot. for Att'y Fees ("Mot."), ECF No. 32.)[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motions, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2013, Jameson purchased a new 2013 Ford Fusion for $43,490.16. (Mot. 3.) After three years and three months of owning the vehicle and driving it 53,181 miles, Jameson began experiencing problems with the engine. (Mot. 3.) Jameson took the vehicle, while still within warranty, to a Ford-authorized repair facility after the vehicle began to shake and would not accelerate. (Mot. 3.) She also felt a loss of power and believed the vehicle would stall. (Mot. 3.) At that time, the repair technicians said they were unable to duplicate her concern. (Mot. 3.) She returned five weeks later with a similar concern and the technicians replaced the fuel low pressure sensor. (Mot. 3.) Although she still felt the vehicle lacked power, technicians made no further repairs. (Mot. 3.) Within two months, Jameson returned to the authorized facility because the "check engine" light was illuminated and the revolutions per minute meter intermittently fluctuated at idle. (Mot. 3.) The technicians replaced the faulty purge valve, but three weeks later Jameson felt her vehicle shake and shut off. (Mot. 3.) Even after jump starting the vehicle, it stopped operating after moving five feet. (Mot. 3.) To resolve this matter, the technicians replaced the battery. (Mot. 4.) During this visit, the Technicians attempted to address two recalls, but parts were only available for one of the recalls. (Mot. 4.) Even after five visits to the repair facility in four months, Jameson's problems with the vehicle remained unresolved. (Mot. 4.)

On April 10, 2017 and twice thereafter, Jameson contacted Ford customer service and requested that Ford repurchase her vehicle. (Mot. 4.) Jameson never received a response. (Mot. 4.) With the assistance of counsel, she filed suit against Ford on February 2, 2018. (*See* Compl.) On October 2, 2018, counsel for Jameson propounded discovery requests to Ford. (Mot. 4.) In January 2019, counsel for Jameson made additional discovery requests and deposed Ford's "PMK." (Mot. 5.) On or about January 30, 2019, Ford served Jameson with an Offer of Judgment pursuant to Federal Rules of Civil Procedure ("Rule") 68 in the amount of

$107,070.00. (Mot. 5.) On February 12, 2019, Jameson accepted their offer and she now moves for her attorney's fees. (Mot. 5.)

### III. LEGAL STANDARD

"State law governs attorney fees in diversity cases." *Negrete v. Ford Motor Co.*, No. ED.18-cv-1972, 2019 WL 4221397, at *2 (C.D. Cal. June 5, 2019) (citing *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law")).

The California Song-Beverly Act authorizes an award of costs and expenses to plaintiffs prevailing in their claims pursuant to the act. Cal. Civ. Code § 1794(d). Plaintiffs may recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." *Id*. However, the "prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34, (Ct. App. 2019) (collecting case) (internal quotation marks omitted).

In determining the amount of attorney's fees award under § 1794(d), a court must utilize the "lodestar" method of calculating the award, accomplished by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Morris*, 41 Cal. App. 5th at 34 (citing *Meister v. Regents of Univ. of California*, 67 Cal. App. 4th 437, 448–49 (1998) ("the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award")). Section 1794 requires a trial court to "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Id*. Courts may grant an upward or downward

3

departure based on (1) the complexity of the case and procedural demands, (2) the skill exhibited and results achieved, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. *Morris,* 41 Cal. App. 5th at 34; *Negrete*, 2019 WL 4221397, at *2. If the court finds the time expended or the amount requested are not reasonable, it may award attorney fees in a lesser amount. *Morris*, 41 Cal. App. 5th at 34.

### IV. DISCUSSION

Jameson moves for costs in the amount of $4,866.21, attorney's fees in the amount of $16,360.00 and a lodestar modifier in the amount of $8,180.00, totaling to $29,406.21. (Mot. 2.) Ford does not dispute the amount in costs. (Opp'n to Mot. ("Opp'n") 11, ECF No. 34.) Instead, Ford argues that the attorney's fees are unreasonable and asserts that the Court should grant at most $7,500.00 in attorney's fee. (Opp'n 11.) Since parties do not dispute the costs, the Court **GRANTS** an award of $4,866.21 in costs. The Court now considers the reasonableness of the fees using the lodestar method.

**A. Lodestar Analysis**

Plaintiff had six attorneys billing on this matter at the following rates and for the following number of hours:

| SBM | Managing Partner | $550 | 3.7 hours |
|---|---|---|---|
| ALM | Partner | $350 | 9.9 hours |
| KSC | Associate | $375 | 5.7 hours |
| MER | Associate | $325 | 5.4 hours |
| DD | Associate | $275 | 7.9 hours |
| MEH | Discovery Attorney | $350 | 13.7 hours |

(Decl. of Steve Mikhov, Ex. A ("Billing Records") 3, ECF No. 32-2.) Accordingly, the lodestar proffered by Plaintiff is $16,360.00.

4

1 The Court reviewed the Billing Records and found that Plaintiff's counsel billed
2 for work it did not do, such as "prepare for and appear at hearing on Motion for
3 Attorney's Fees (travel included)" and other administrative tasks such as "review and
4 audit billing." (Billing Records 3.) Accordingly, the Court strikes those hours in the
5 bill. *See Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008)
6 (reducing the award by discounting hours billed); *accord Hanna v. Mercedes-Benz
7 USA, LLC*, 36 Cal. App. 5th 493, 507 (2019) ("[w]hen the trial court substantially
8 reduces a fee or cost request, we infer the court has determined the request was
9 inflated"); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) ("trial courts must
10 carefully review attorney documentation of hours expended").

11 Next, the Court assesses whether the hourly rate charged by counsel is
12 reasonable. "[T]he reasonable value of attorney services is variously defined as the
13 hourly amount to which attorneys of like skill in the area would typically be entitled."
14 *See Ketchum*, 24 Cal. 4th at 1133 (internal quotation marks omitted). Counsel may
15 present evidence of hourly rates state and federal courts had previously awarded him
16 or others for comparable work. *Goglin*, 4 Cal. App. 5th at 473. Counsel should
17 proffer evidence of a reasonable hourly rate relative to the normal rate for attorneys
18 "conducting noncontingent litigation of the same type." *Ketchum*, 24 Cal. 4th at 1133.
19 However, the Court is "not obliged to accept this evidence as conclusive of the
20 appropriate hourly rate." *Goglin*, 4 Cal. App. 5th at 474.

21 Plaintiff's counsel provided declarations showing that attorneys in similar cases
22 charged a comparable hourly rate. (*See* Mikhov Decl., ¶ 54.) Additionally, Plaintiff
23 contends that counsel has been awarded attorneys' fees at similar rates under the
24 Song-Beverly Act. (*See, id*. at Exs. G–HH.) Furthermore, Plaintiff asserts that the
25 hourly rates are reasonable because this case required a range of specialized
26 knowledge including: (1) an understanding of the full scope of consumer protection
27 laws, which are "highly nuanced"; (2) knowledge of the intricacies of automobiles and
28 the lexicon associated with them, as well as knowledge concerning how to investigate

issues with automobiles; and (3) knowledge of auto manufacturers' and dealers' policies and protocols for repairing vehicles and complying with their legal obligations. (Mot. 10.) Plaintiff also argues the firm's skill justifies the amount of fees requested, noting that Plaintiff ultimately recovered $107,070.00 in damages, which is almost two-and-a-half times the vehicle's purchase price. (Mot. 12.)

Defendant criticizes Plaintiff's attorneys for comparing their hourly rates to those of other lawyers who work on a contingency basis. (Opp'n 6.) Defendant argues the Court should calculate reasonable attorney's fees using a "blended rate" of $250 an hour for time spent reasonably and necessarily spent on the case. (Opp'n 6.)

Having considered the range of rates presented in the declaration and the level of skill and advocacy required for the case at issue. The Court deems the following hourly rates appropriate:

| SBM | Managing Partner | $500 | 3.3 hours |
| ALM | Partner | $350 | 9.9 hours |
| KSC | Associate | $350 | 5.7 hours |
| MER | Associate | $250 | 5.4 hours |
| DD | Associate | $250 | 7.9 hours |
| MEH | Discovery Attorney | $350 | 9.7 hours |

*See id.* (appellate court determining the trial court did not abuse its discretion in basing its fee award on an hourly rate lower than the rate requested). Accordingly, the Court recalculates the lodestar award to $13,830.

**B.     Lodestar Multiplier**

The Court now evaluates whether a lodestar multiplier should be awarded and considers: (1) the complexity of the case and procedural demands, (2) the skill exhibited and results achieved, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. *See Morris*, 41 Cal. App. 5th at 34.

Plaintiff argues a 0.5 multiplier is appropriate due to the "risk of taking this case on a contingent fee basis and the delay in payment since February 2018." (Mot. 17.) According to Plaintiff, Ford "dragged this case out for nearly one year before submitting a reasonable settlement offer." (Mot. 17.)

Defendant argues for a negative multiplier reducing the award of attorneys' fees from the base Lodestar amount. (Opp'n 9.) Defendant argues that a negative multiplier is warranted because (1) there was no novelty in this claim; (2) the litigation did not preclude other employment; and (3) there was very little contingent risk once Ford served the first Offer of Judgment. (Opp'n 9.) As the Court considered the Defendant's arguments in determining the reasonable hourly rate, the Court does not apply a negative multiplier. *See Goglin*, 4 Cal. App. 5th at 473 (declining to lower the fee award).

Furthermore, the Court does not find that Plaintiff's counsel merits a lodestar multiplier. The Court does not find any issues that were particularly novel or complex nor any special skill employed. Parties exchanged discovery, Plaintiff's counsel took one deposition and subsequently, Defendant made an offer. (*See* Opp'n) Furthermore, Plaintiff does not forgo any other employment for this case and in fact seems to engage in over fifty similar matters at once. (*See* Decl. of Steve Mikhov ¶ 25.) Accordingly, the Court does not find the first two factors weigh in favor of an upward departure.

Additionally, a contingent fee agreement only favors an upward departure when there is an "uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 819 (2006). Here, the Song-Beverly Act statutorily authorizes an award of attorney's fees to a party prevailing on its claim and Plaintiff's counsel has settled over fifty similar cases in its client's favor. Given pattern and practice of Plaintiff's counsel's work, the Court does not find that counsel reasonably faced an uncertainty

of prevailing on the merits.  Thus, this factor does not persuasively weigh in favor of an upward departure.

While counsel obtained a positive result for Plaintiff, the Court declines to apply a Lodestar multiplier in light of all the circumstances.  The Court therefore **GRANTS** attorney's fees in the amount of $13,830.00.  Accordingly, the Court awards $13,830.00 in attorney's fees and $4,866.21 in costs and expenses for a total award of $18,696.21.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Plaintiff's Motion for Attorneys' Fees and **AWARDS $18,696.21**.  (ECF No. 32.)

**IT IS SO ORDERED.**

December 16, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**